UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  05-23341-CIV-HUCK/Simonton

VICTOR M. BOOTH, as Personal
Representative of the Estate of
STEVEN M. BOOTH, Deceased,

      Plaintiff,

vs.

CARNIVAL CORPORATION, a
Panamanian company doing business
in Florida,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court on the Defendant, Carnival Corporation's Motion to Dismiss ("Motion").  In its Motion, Carnival Corporation contends that because the Plaintiff, Victor M. Booth, did not file his lawsuit in this court until after the expiration of the one-year limitations period contained in the Decedent, Steven M. Booth's cruise ticket contract, the action must be dismissed as time-barred.  The Plaintiff, in response, acknowledges that this action was not brought within the applicable one-year statute of limitations, but asserts that the statute of limitations should be equitably tolled because he timely filed a prior action in state court, which action was dismissed because of improper venue, in accordance with the venue selection clause requiring any action to be brought in this Court, also contained in the cruise ticket contract.

Thus, the sole question before the Court is whether the filing of a state court action based on alleged common law negligence resulting in Decedent's death suffices to toll the running of a contract time bar to an action subsequently brought to federal court after a state court dismissed the action

for improper venue based on the contract's venue selection clause.  For the reasons discussed below, the Motion is denied.

## DISCUSSION

The facts in this case are not in dispute.  As alleged in the Complaint, this wrongful death action stems from a July 20, 2004 scuba diving incident in the territorial waters of the US Virgin Islands.  The Decedent, a Maryland resident, was a Carnival cruise ship passenger who had embarked on this scuba diving excursion with the assistance of Carnival and Carnival's agent, a Virgin Islands scuba diving instruction company.  Carnival's cruise ticket contains a 185 day written notice of claim provision, a provision establishing a one-year statute of limitations from the date of injury or death, and a forum selection clause selecting federal court in Miami, Florida as the available forum, or for cases in which subject matter jurisdiction is lacking in federal court, the state courts in Miami-Dade County, Florida.

This federal court wrongful death action was filed after timely written notice of claim was given to Carnival on January 10, 2005, but after the expiration of the one-year statute of limitations.  However, this federal court action also was filed after an action had been timely filed in Miami-Dade County Circuit Court, which was still pending.  Thereafter, Carnival Corporation filed a motion to dismiss in the state court proceedings for improper venue based on the contractual federal forum selection clause.

The following is a time line of events pertinent to the resolution of the Motion:

July 20, 2004          Steven Booth died in the US Virgin Islands.

January 10, 2005     Notice of Claim letter sent to Carnival Cruise Lines' Risk Manager stating facts relative to incident, intent to file suit in Miami and willingness to resolve matter amicably.  Carnival Corporation issues letter dated January 21, 2005

2

acknowledging receipt of Notice of Claim..

| | |
|---|---|
| July 5, 2005 | Complaint filed in state court in Miami. |
| July 6, 2005 | Carnival Corporation served with Summons and Complaint; making Answer due on or before July 26, 2005. |
| July 19, 2005 | Carnival Corporation requests an extension of time to August 10, 2005 to respond to the Complaint and issues confirming letter dated July 19, 2005. |
| July 21, 2005 | One-year statute of limitations expired. |
| August 11, 2005 | Carnival Corporation's confirming letter noting additional extension to respond to the State Court Complaint through August 4, 2005. |
| August 30, 2005 | Plaintiff propounded Interrogatories and Request for Production to Carnival Corporation.  Carnival Corporation's responses are dated October 18, 2005 and October 17, 2005, respectively. (Exhibits 6 and 7) |
| August 31, 2005 | Carnival Corporation filed Motion to Dismiss Complaint on the following grounds: |

> (1) Failure to attach contract/ticket to complaint
> (2) Failure to allege short plain statement of fact showing entitlement to relief
> (3) Failure to allege proper standard of care
> (4) Loss of support and services claim is not recognized in admiralty

| | |
|---|---|
| September 12, 2005 | Carnival Corporation states it has no objection to Plaintiff's co-counsel in Washington, DC being admitted *pro hac vice* in the state court proceedings. |
| September 14, 2005 | Defendant filed an Amended Motion to Dismiss raising additional grounds of: |

> (1) Improper venue based on Forum Selection Clause.
> (2) Scuba Diving Release

| | |
|---|---|
| October 17, 2005 | Carnival Corporation propounds substantive Interrogatories and Request for Production to Plaintiff in the state court action. |
| October 17, 2005 | Carnival Corporation proposes Plaintiff enters a confidentiality order and in return, Carnival will produce the documents requested in Plaintiff's discovery requests dated August 2005. |

3

| | |
|---|---|
| November 15, 2005 | Plaintiff issues letter (on 11/15 and again on 12/9) proposing to voluntarily dismiss state court action if Carnival Corporation waives statute of limitations defense in any action filed in Federal Court.  Carnival Corporation rejected that proposal. |
| December 6, 2005 | Carnival Corporation serves Supplemental Response to Request to Produce in light of Confidentiality Order entered. |
| December 29, 2005 | Complaint and Demand for Jury Trial filed in Federal Court, summons issued. |
| December 30, 2005 | Carnival Corporation served with federal court summons and Complaint. |
| January 18, 2006 | Carnival Corporation files Motion to Dismiss in Federal Court, asserting that this action is time-barred. |
| February 17, 2006 | Order staying this action pending state court's decision on Carnival Corporation's Amended Motion to Dismiss in state court action, then scheduled for hearing on April 17, 2006. |
| April 17, 2006 | Hearing scheduled in State Court on Amended Motion to Dismiss filed in State Court action. |
| May 4, 2006 | Order Administratively Closing this case pending resolution of Amended Motion to Dismiss in parallel state court action. |
| June 6, 2006 | State court denied Carnival Corporation's Amended Motion to Dismiss, finding that Carnival Corporation had waived its right to enforce forum selection clause based on Carnival Corporation's active participation in the state court action. |
| June 29, 2006 | Carnival Corporation filed a non-final appeal, challenging the denial of its Amended Motion to Dismiss. |
| December 13, 2006 | The District Court of Appeal of Florida, Third District, reverses denial of Amended Motion to Dismiss, finding that Carnival Corporation's participation below in state court was of a limited nature and was insufficient to constitute waiver of the binding venue selection clause. |
| December 20, 2006 | Plaintiff files Motion to Open Administratively Closed Case File. |
| December 28, 2006 | Oral argument on Motion to Dismiss in this case. |

It is generally held that equitable tolling may be applied to toll an expired statute of limitations

when (1) the late filing plaintiff has been misled by defendant's misconduct into allowing the statutory period to expire; (2) the plaintiff was unaware that his/her rights had been violated and therefore of the need to seek redress; or (3) the plaintiff actively pursued his/her judicial remedies but filed a defective pleading during the limitations period, timely filed in an improper forum and has exercised due diligence in all other respects in preserving his legal rights. *See e.g., Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). The Plaintiff acknowledges that only the third scenario may be considered here.

It is Plaintiff's burden to establish that equitable tolling of an otherwise applicable statute of limitations is warranted. *Id*. The Court finds that Plaintiff, because of the particular facts presented here, has carried his burden in this instance. In reaching this conclusion, the Court acknowledges that there seems to be no binding precedent directly on point and that the issue is a close one. However, there are two particularly pertinent cases which, while not totally dispositive, are of special note and instructive. They are *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965), on which Plaintiff heavily relies and *Carnival Cruise Lines, Inc. v. Bailey*, 774 F.2d 1577 (11th Cir. 1985), on which Carnival Corporation heavily relies. While neither dealt with the precise issue presented here, their respective analysis and rulings provide useful precedential guidelines which the Court has attempted to apply here.

In *Burnett*, the Plaintiff, a Kentucky resident, timely filed his Federal Employees' Liability Act ("FELA") action in the Ohio state court which had concurrent subject matter jurisdiction with the federal court. The Ohio state court action was dismissed on Defendant's motion because venue was improper. Eight days later Plaintiff refiled an identical action in the Federal District Court for the Southern District of Ohio. That court dismissed Plaintiff's complaint as time-barred because,

5

although Plaintiff's Ohio state court action had been timely filed, the federal action was filed after the FELA's three-year statute of limitations had expired.  The Sixth Circuit affirmed the dismissal.  The Supreme Court reversed, holding that the Ohio state court action tolled the FELA's statute of limitations and, therefore, the federal action was timely filed.  In doing so, the Supreme Court observed that, "The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable . . . after the prescribed time.'"  *Id*. at 426 (internal citation omitted).  The Supreme Court then proceeded to determine that the congressional interest in enacting the FELA, including its limitation provision, "a humane and remedial act," would be best served by its holding that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action."  *Id*. at 427-28.  In so holding, the Supreme Court emphasized that limitations periods are primarily to assure fairness to defendants by preventing surprise through the filing of claims which plaintiffs had,

> "allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.  Order of *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788.  Moreover, the courts ought to be relieved of the burden of trying to stale claims when a plaintiff has slept on his rights".  *Id*.

However, the Supreme Court, in fashioning its equitable tolling theory, noted that the limitations policy, designed for potential defendant's protection, is often outweighed where the interests of justice require that plaintiff have his day in court to resolve his claim on the merits.  The Supreme Court then noted that the FELA limitations period is tolled where a defendant misleads the plaintiff

into believing it has a longer limitations period or where a war prevents plaintiff from timely bringing

suit because in those cases the plaintiffs had not "slept on his rights but rather had been prevented

from asserting them."  *Id*. at 429.  The Supreme Court then held that the timely filing of the Ohio

state court FELA action, dismissed for improper venue, implicates considerations favoring tolling of

the statue of limitations similar to those in the other tolling scenarios.  In so holding, the Supreme

Court seemed impressed not only by the remedial nature of the FELA but also by the fact that

Plaintiff was obviously not disinterested in pursuing his claim, having acted timely in filing his action

in a state court of competent jurisdiction, and that the state case was dismissed solely because of

improper venue, a defense which a defendant may waive.  The Supreme Court further observed that

the defendant could not have relied on the policy of repose underlying the limitation statute, having

been made aware of plaintiff's claim by virtue of the state action.  The Supreme Court then held:

> These considerations thus lead us to conclude that when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process  and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit.  We believe that the interests of uniformity embodied in the Act are best served by holding that this rule, tolling the statute, applies in all States regardless of whether or not a State has a 'saving' statute. . .  We conclude that a uniform rule tolling the federal statute for the period of the pendency of the state court action and until the state court dismissal order becomes final is fair to both plaintiff and defendant, carries out the purposes of the FELA, and best serves the policies of uniformity and certainty underlying the federal limitation provision.[1]  *Id*. at 434-36.

While Plaintiff relies heavily on *Burnett*, Carnival Corporation does not discuss that decision

in any detail.  Rather, Carnival Corporation simply, but correctly, notes that in *Burnett* the Supreme

Court ". . . applied the doctrine of equitable tolling after analyzing the legislative intent behind the

---

[1]The Supreme Court's concern about uniformity arose out of its noting that some states had disparate "savings clauses," while some states had none.

federal statute at issue".  In addition, Carnival Corporation quotes from *Levich v. Steiner Transocean Limited*, 377 F.Supp.2d 1251, 1258 (S.D.Fla. 2005), which denied equitable tolling, holding that the "issues underlying *Burnett* relating to the remedial purposes of FELA and how to best carry-out those purposes are not present in the instant case".  Apparently, it is Carnival Corporation's position that *Burnett* is distinguishable, and therefore inapplicable here, because the *Burnett* decision was premised solely on the Supreme Court's determining and implementing the congressional intent behind FELA and its limitations period.  This appears to be one reasonable interpretation of and consequent limitation on *Burnett*.

This brings us to the Eleventh Circuit's decision in *Bailey*, a case on which Carnival Corporation pimarily relies for its contention that a contractual statute of limitations, as here, may not be equitably tolled by virtue of a timely filed state court case which is dismissed for improper venue.

In *Bailey*, the Eleventh Circuit Court of Appeals was faced with a situation both similar and dissimilar to the instant case, as well as to *Burnett*.  In *Bailey*, plaintiff first timely filed a Death on the High Sees Act ("DOHSA") claim in state court.  774 F.2d at 1578.  That action was dismissed because the state court lacked subject matter jurisdiction in that the DOHSA claims are exclusively federal claims.  *Id.*  Plaintiff then filed suit in this district after the running of the contractual statute of limitations contained in plaintiff's ticket with defendant, Carnival Cruise Lines, Inc..  The district court rejected Defendant's contention that Plaintiff's claim was time-barred.  *Id.*  Defendant appealed.  The Eleventh Circuit Court succinctly framed the issue:

> In this case we are presented with a question of first impression: whether the filing of a suit under the Death on the High Seas Act in a state court will toll the running of a contractual time bar.  The United States District Court for the Southern District of Florida held that filing an action in state court would prevent the running of such a bar.  For the reasons stated herein we disagree and hold that such a state court action

will not preserve this exclusively federal claim.  *Id.* at 1577.

*Bailey* is similar to the instant action in that the statute of limitations was established by contract, while dissimilar to *Burnett* where it was established by federal statute.  *Bailey* is dissimilar to both this action and *Burnett* in that the timely filed state court action in *Bailey* was dismissed because that court lacked subject matter jurisdiction, while here, as in *Burnett*, the state court had subject matter jurisdiction, but dismissed the action because of improper venue.

Carnival Corporation seems to contend that *Bailey* controls here, and stands for the proposition that where a statute of limitations is contractually set by the parties, a timely filed state action, which is dismissed, cannot operate to equitably toll the running of the limitations period and, accordingly, a federal action filed after the limitations period runs will be time-barred, regardless of whether the state case was dismissed for lack of subject matter jurisdiction or for improper venue. Again, this is one reasonable interpretation of *Bailey's* holding.

While Carnival Corporation focuses on the fact that both *Bailey* and this case involve contractual limitations periods, maintaining that that factor is determinative, Plaintiff has a different view.  Plaintiff argues that in *Bailey*, the determinative factor for denying equitable tolling was that the state court lacked subject matter jurisdiction, in that all Death on the High Seas actions fall within the exclusive jurisdiction of federal courts.  In so arguing, Plaintiff notes that the *Bailey* Court found that the analysis of the former Fifth Circuit Court of Appeals in *United States v. Maryland Casualty Co.*, 573 F.2d 245 (5th Cir. 1978)**,** while not dispositive, was sound and persuasive.  *See Bailey*, 774 F.2d at 1579.  In *Maryland Casualty*, plaintiff timely filed a state court claim under the Miller Act, which vested exclusive jurisdiction in the federal courts and had a one-year statute of limitations.  The state case was, as in *Bailey*, dismissed for lack of subject matter jurisdiction.  Plaintiff then filed suit

9

in district court after the one-year limitations period had expired.  The former Fifth Circuit rejected plaintiff's contention that "[a]lthough jurisdiction over Miller Act claims is exclusively federal . . . filing of suit, even in a court that lacked jurisdiction, interrupted the running of the limitations period". *Maryland Casualty Co.*, 573 F.2d at 247.  In support of its rejection of plaintiff's equitable tolling argument, the Court noted that "in principle, this is consonant with the thesis that, because the right is federal in nature, the filing of suit in a non-federal jurisdiction does not toll the statute." *Id.* The former Fifth Circuit did not even discuss *Burnett*. However, it is noteworthy how the *Bailey* Court reconciled *Maryland Casualty* and *Burnett*.  The *Bailey* Court distinguished *Burnett* from *Maryland Casualty* by pointing out that in *Burnett* the timely filed state case tolled the limitations period because, unlike in *Maryland Casualty*, that "case was properly before the state court, since the FELA creates concurrent state and federal jurisdiction, but the action had been dismissed for improper venue . . . [and] the Supreme Court reversed, noting that the plaintiff had pursued his claim diligently, that the [state] court properly had jurisdiction, and that it was unfair to bar an action, otherwise timely, on venue grounds.  *Bailey*, 774 F.2d at 1581 (emphasis added).

In reconciling *Burnett*, *Maryland Casualty* and *Bailey,* and noting the differing factual basis for their respective holdings, the Court concludes that the determinative factor is whether the state case was dismissed for lack of subject matter jurisdiction or improper venue.

Carnival Corporation also attempts to distinguish *Burnett* on the fact that there the limitations period was established by federal statute while here it was established by the parties' contract. According to Carnival Corporation, because the subject limitations period was established by the parties' written agreement, as opposed to a statutory limitation, *Burnett* is inappropriate, and equitable tolling cannot apply here.  The Court disagrees.  In doing so, the Court relies on *Bailey*,

which rejected outright a similar attempt to draw a meaningful distinction between a contract time

bar and a statutory time bar in the equitable tolling context.  The *Bailey* Court definitively held that

such an attempt ". . . is meritless.  There is no essential difference between contractural [sic] and

statutory limitations."  *Bailey*, 774 F.2d at 1579, n. 3 (citation omitted).

      In summary, the Court concludes that equitable tolling of a limitations period established by

the parties' contract may be permitted where a state action is timely filed in a state court having

concurrent jurisdiction, but is dismissed for improper venue, but is not permitted where the state

court had no jurisdiction.  Applying this analysis to the present case, the Court concludes that

equitable tolling may be applied.  Therefore, the Court must next determine whether equitable tolling

should be applied here because Plaintiff diligently pursued his case, giving rise to an equitable basis

for tolling the running of the contract limitations period.

      Based on the above chronology leading to the dismissal of the state case, the Court finds that

Plaintiff diligently pursued his claim.  Moreover, the underlying policy of repose, reflected in the

agreed upon limitations period, and designed to protect Carnival Corporation, is not violated by

equitable tolling in this case.  To the contrary, the interests of justice, as in *Burnett*, are best served

here by allowing the parties to resolve Plaintiff's claims on the merits.  Plaintiff acted with diligence

to preserve his rights and to put Carnival Corporation on timely notice.  Clearly, Carnival Corporation

suffered no adverse consequence which the limitations period was designed to prevent, having been

put on formal, written notice of Plaintiff's claim within six months of decedent's death.  Yes, Plaintiff

should have originally sued in this Court pursuant to the venue clause in Decedent's contract with

Carnival Corporation.  However, it is noted that even  Carnival Corporation did not assert its venue

defense, which of course was waivable, in its initial Motion to Dismiss.  After Carnival Corporation

raised improper venue in its Amended Motion to Dismiss, Plaintiff brought this action as a backup action in the event he failed to prevail on his argument that Carnival Corporation had waived its venue defense by virtue of participating in the state court action. It was always understood that if Plaintiff's venue waiver argument failed in state court, as it ultimately did in the appellate level, that Plaintiff intended to proceed in this action.

Accordingly, the Court finds that, in view of the teachings of *Burnett* and *Bailey*, the circumstances presented here justify the application of equitable tolling, that the filing of the state court action tolled the running of the one-year limitations period, and, therefore, this action was timely filed. The Motion to Dismiss is denied. Carnival Corporation shall answer the Complaint within 10 days of this order.

It is the opinion of the Court that its order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Accordingly, the Court hereby certifies its ruling of this important time bar issue for immediate appeal to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

DONE and ORDERED in Chambers at Miami, Florida this 9th day of January, 2007.

_____

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record